IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Fred Rocquemore,<br><br>                Plaintiff,<br><br>vs.<br><br>Central Transport, LLC and Joseph Warren,<br><br>                Defendants. | Civil Action No. 2:12-2201-RMG-BHH<br><br>**REPORT AND RECOMMENDATION<br>OF MAGISTRATE JUDGE** |

      This matter is before the Court on the defendant's motion to dismiss [Doc. 20], pursuant to Federal Rules of Civil Procedure 12(b)(6). In his Complaint, liberally construed, the plaintiff alleges the following causes action: (1) discriminatory treatment; (2) harassment and hostile work environment; (3) equal pay; and (4) unsafe work conditions. The defendant has moved for dismissal of each, as insufficiently pled.

      Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A), and Local Rule 73.02(B)(2)(g), D.S.C., all pretrial matters in employment cases are referred to a United States Magistrate Judge for consideration.

**APPLICABLE LAW**

      Under Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss for failure to state a claim should not be granted unless it appears certain that the plaintiff can prove no set of facts which would support its claim and would entitle it to relief. In considering a motion to dismiss, the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff. *Mylan Laboratories, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)(citations omitted).

To survive a Rule 12(b)(6) motion to dismiss, a complaint must state "a plausible claim for relief." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). Stated differently, "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged--but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (quoting Fed. R. Civ. P. 8(a)).

## DISCUSSION

Although more than the defendant has admitted, the plaintiff says very little in his Complaint about the factual basis for his claims.  He uses mostly summarizing phrases like "intolerable working conditions," "discriminatory treatment," and "harassment."  (Compl. at 3-4.)  Admittedly, the defendant is entitled to more.  And, the affidavit submitted by the plaintiff in response to the present motion is not a part of the Complaint.  [Doc. 26-1.]  But, it is of the kind of detail necessary.   A facial claim certainly seems present.

The plaintiff, therefore, should have leave to **amend his Complaint** to add such allegations.  He should describe in detail specific circumstances or incidents which satisfy the elements of his claims.  **In doing so, he should remember that the new complaint will completely replace the original one and, therefore, he should repeat all the original allegations but add, to them, whatever other facts he believes support those legal claims**.

2

## **CONCLUSION AND RECOMMENDATION**

Wherefore, based upon the foregoing, it is RECOMMENDED that the defendant's motion to dismiss [Doc. 20] be DENIED. The plaintiff has leave to amend his Complaint. He should file any such amended Complaint within fifteen (15) days of the adoption of this recommendation, by the district court, if at all.

                                            s/Bruce H. Hendricks
                                            United States Magistrate Judge

March 22, 2013
Charleston, South Carolina

**The plaintiff's attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).