IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

Fred Rocquemore,                          )
                                          )
          Plaintiff,                      )
                                          )
     vs.                                  )          No. 2:12-cv-2201-RMG
                                          )
Central Transport, LLC; and               )          **ORDER**
Joseph Warren,                            )
                                          )
          Defendants.                     )
                                          )
                                          )
_____ )

This matter comes before the Court on a motion by Defendants Central Transport, LLC, and

Joseph Warren to dismiss Plaintiff Fred Rocquemore's complaint for failure to state a claim,

pursuant to Federal Rule of Civil Procedure 12(b)(6). (Dkt. No. 20). After careful review, the Court

DENIES Defendants' motion to dismiss, (*id.*), and GRANTS Plaintiff's motion to amend his

complaint, (Dkt. No. 31).

**Background**

Plaintiff filed this action *pro se* on August 3, 2012. (Dkt. No. 1). In his complaint, Plaintiff

alleged, in conclusory fashion, causes of action for: (1) discriminatory treatment; (2) harassment and

hostile work environment; (3) equal pay; and (4) unsafe working conditions. (*Id.* at 2–3). Due to

Plaintiff's *pro se* status, this matter was referred to the United States Magistrate Judge pursuant to

28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2), DSC.

Defendants moved to dismiss this action under Rule 12(b)(6) on September 11, 2012. (Dkt.

No. 20). Plaintiff responded on November 13, 2012, and submitted with his response an affidavit

containing factual allegations that may provide a basis for his claims. (Dkt. No. 23). Defendant replied, arguing that Plaintiff's "Affidavit, much like his Complaint, is devoid of any facts that would give rise to, or substantiate, a claim for relief against Defendants." (Dkt. No. 28).

On March 22, 2013, the Magistrate Judge issued a Report and Recommendation ("R&R"). (Dkt. No. 29). In that R&R, the Magistrate Judge observed that Plaintiff "says very little in his Complaint about the factual basis for his claims," but the Magistrate Judge nevertheless expressed the view that "[a] facial claim certainly seems present." (Dkt. No. 29 at 2). The Magistrate Judge thus recommended that Plaintiff be given fifteen (15) days to amend his Complaint. (*Id.* at 3).

On April 5, 2013, Plaintiff submitted an Amended Complaint. (Dkt. No. 31).

### Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). Thus, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1).

This matter comes before the Court on Defendant's motion to dismiss under Rule 12(b)(6), which permits the dismissal of an action if the complaint fails "to state a claim upon which relief can be granted." To survive such a motion, the Plaintiff must allege in his complaint "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint has "facial plausibility" where the pleading "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

-2-

Though dismissal under Rule 12(b)(6) is sometimes appropriate, the Federal Rules of Civil Procedure also direct courts to "freely give leave [to amend pleadings] when justice so requires." Fed. R. Civ. P. 15(a)(2). This course of action deserves particular consideration when, as here, a plaintiff is acting *pro se*, as it may allow for the development of a potentially meritorious claim. *See, e.g.*, *Villanueva v. Rivera*, No. 5:12-cv-399-MGL, 2012 WL 4762111, at *1 (D.S.C. Oct. 5, 2012).

## Discussion

The Magistrate Judge took seriously its responsibility to construe liberally the pleadings of this *pro se* plaintiff. Even so, the Magistrate Judge was correct that Plaintiff's original Complaint did not offer "enough facts" to state claims for discriminatory treatment, harassment and hostile work environment, equal pay, and unsafe working conditions that are "plausible on [their] face." *Twombly*, 550 U.S. at 570. Plaintiff has now submitted an Amended Complaint, offering additional facts, including details about specific incidents, that may support his claims. (Dkt. No. 31). The Court construes Plaintiff's submission as a motion to amend his Complaint and concludes that, at this stage, justice requires granting that motion. *See* Fed. R. Civ. P. 15(a)(2); *see also Villanueva*, 2012 WL 4762111, at *1.

## Conclusion

The Court therefore GRANTS Plaintiff Fred Rocquemore's motion to amend his allegations. Plaintiff's Amended Complaint, (Dkt. No. 31), is now the operative set of allegations in this action. Further, the Court adopts the Magistrate Judge's Report and Recommendation and DENIES, without prejudice, the motion by Defendants Central Transport, LLC and Joseph Warren to dismiss this action. (Dkt. No. 20).

**AND IT IS SO ORDERED.**

_____
Richard Mark Gergel
United States District Judge

Charleston, South Carolina
April 9, 2013